```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

                              *
JONATHAN D. SUSS              *
                              *
v.                            *   Civil Action No. WMN-09-1627
                              *
JP MORGAN CHASE BANK, N.A.    *
                              *
   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM

Before the Court is Defendant's motion to dismiss the Amended Complaint. Paper No. 8. The motion is opposed, and a reply memorandum has been filed. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be granted in part and denied in part.

## I. FACTUAL BACKGROUND

This action relates to a mortgage note (the Note) executed by Plaintiff on May 17, 2005, in conjunction with his purchase of a piece of investment property. The originating lender on the Note was American Mortgage Network, Inc. Although neither the Complaint, Amended Complaint, nor exhibits to the Amended Complaint reference or explain this transaction, Defendant represents that shortly after the Note's execution, GMAC Mortgage Corporation (GMAC) became the holder and servicer of Plaintiff's loan. On or about November 19, 2005, Defendant sent

Plaintiff a "Notice of Assignment, Sale or Transfer of Servicing Rights" stating that the serving of his loan was being transferred from GMAC to Defendant effective December 1, 2005.[1] Am. Compl., Ex. 2 at 1.  Plaintiff made his mortgage payments to Defendant from December 2005 through January 2009.

In a letter dated December 28, 2008, however, Plaintiff stated that recent media reports that mortgage companies were collecting mortgage payments when they did not own the original mortgage note gave him cause for reasonable doubt as to whether Defendant was in possession of his Note.  He requested in that letter that Defendant produce for his personal inspection the original mortgage Note for his property.  He also requested a "verified statement that confirms that [Defendant is] indeed the real party in interest and the current holder of said Note, to be simultaneously provided" at the time and place of that inspection.  Id., Ex. 3A.  He concluded that a failure to comply with this request might result in his depositing his mortgage payments into an escrow account.

Defendant responded on January 6, 2009, by sending a copy of the Note with the words "Certified True Copy" stamped thereon.  Id., Ex. 4A.  Plaintiff replied on January 22, 2009,

---

[1] The Complaint erroneously states that the transfer of servicing of the loan was to be effective December 1, 2006.  Compl. ¶ 2. It is clear from the documents attached to the Amended Complaint, however, that the correct date is December 1, 2005.

2

stating his position that the production of a copy of the Note did not satisfy his request for inspection of the original Note and reiterated his intention to place his payments in an escrow account if this request was not granted. Id., Ex. 3B. In the weeks that followed, Plaintiff sent several similar letters and Defendant sent similar replies. Beginning with his February 2009 payment and continuing to the present, Plaintiff sent his mortgage payments to an escrow account while continuing to request inspection of the original Note.

By letter dated April 4, 2009, Defendant informed Plaintiff that it considered him in default under the terms of the Note and threatened that if he failed to cure the default within 32 days, it would commence foreclosure proceedings without further notice. Id., Ex. 5B. In response, Plaintiff sent Defendant a copy of his Escrow Notice, endorsed by Plaintiff and the third-party escrow agent, along with a copy of Plaintiff's check to the escrow agent.

Plaintiff filed this action in the Circuit Court for Baltimore City on May 7, 2009. The original Complaint contained a single count for "Declaratory Judgment." Plaintiff filed an Amended Complaint on or about June 17, 2009, adding the following counts: Count II – "TRO/Preliminary & Permanent Injunctions – Specific Performance;" Count III – Tortious

Interference with Contract; Count IV – Defamation by Libel; and Count V – Unjust Enrichment Due to Common Law Fraud/Money Damages; and VI – Constructive Trust.  Plaintiff also included in the Amended Complaint a request for exemplary or punitive damages.  With the Amended Complaint, Plaintiff submitted a memorandum of law in support of his prayer for a Temporary Restraining Order (TRO).

Defendant removed the action to this Court on June 25, 2009.  On July 1, 2009, Defendant filed a motion to dismiss and, a few days later, its opposition to the motion for a TRO.

## II. LEGAL STANDARD

Defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In reviewing a complaint, this Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005); Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 325-26 (4th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S.

506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, detailed factual allegations are not needed to survive a motion to dismiss. Id. Instead, a complaint must only contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Moreover, the Supreme Court determined that a properly plead complaint "may be supported by showing any set of facts consistent with the allegations." Id. at 562.

### III. DISCUSSION

The Court notes initially that, in submitting their pleadings, the parties have unfortunately passed like ships in the night. Defendant in its Motion to Dismiss avoids any discussion of the central premise of the Amended Complaint, just as Plaintiff in his Opposition completely ignores the arguments raised in the Motion to Dismiss. While Defendant in its Reply addresses some of the tangential arguments raised in the Opposition, it again ignores Plaintiff's central argument.

Thus, the Court is left to speculate as to how each party would respond to the arguments of the other party, were they inclined to do so.

The gravamen of Plaintiff's Amended Complaint is that Defendant's continued refusal to produce the original Note for his inspection gave rise to a reasonable ground for insecurity as to whether Defendant is the bona fide holder of the Note. In Plaintiff's view, Defendant cannot enforce the Note unless: (1) it can show it is in possession of the original Note or; (2) if it claims that the original Note is lost, it can demonstrate that it has met the requirements of Md. Code. Ann., Comm. Law § 3-309 ("Enforcement of lost, destroyed, or stolen instrument"). Each of Plaintiff's causes of action flow from the assertion that Defendant is not a bona fide holder of the Note. For example, in his unjust enrichment claim, he reasons that if Defendant was not the holder of the Note, Defendant was unjustly enriched by receipt of Plaintiff's monthly mortgage payments.

In moving to dismiss the Amended Complaint, Defendant focuses on the rights of the "Note Holder" as set forth in the Note. Defendant quotes those portions of the Note which state that: payments can be directed to a different place "'**if required by the Note Holder**;'" "the Note Holder may accelerate [] payments;" and "'The Note Holder may enforce its rights under

6

this Note.'"  Mot. at 3 (quoting Amend. Comp., Ex. 1, emphasis added by Defendant).  Defendant then proceeds to demonstrate how each of Plaintiff's causes of action fails once Defendant is deemed the Note Holder.  Defendant, however, never directly addresses Plaintiff's contention that Defendant has not established that it is the bona fide holder of the Note.

Defendant also raises in its motion a statute of limitations argument as to Counts I, III, V, and VI.  Citing Maryland's general three year statute of limitations, Md. Code Ann., Cts. & Jud. Proc. § 5-101, Defendant declares with no discussion that Plaintiff's causes of action "accrued no later than December 1, 2005, the effective date of the Note's transfer to Defendant."  Mot. at 13.  Defendant then opines, again with no discussion, that "Plaintiff's claims arguably accrued as of November 19, 2005, the date of [Defendant's] letter to Plaintiff notifying him of the Note's transfer."  Id. at 13 n.6.

Plaintiff begins his opposition by observing, accurately, that Defendant never addressed whether or not it possessed the original Note, "the central issue and the primary reason that the plaintiff filed his lawsuit."  Opp'n at 1.  Plaintiff adds that he would "voluntarily dismiss his suit today if the defendant would simply come forward and present the original Note (with indications thereon that it was properly

7

negotiated)." Id.  He then devotes several pages to a discussion of those portions of the Uniform Commercial Code relevant to holders of negotiable instruments, id. at 4-5, and to cases from various jurisdictions discussing the concept of holder in due course in the context of mortgage notes.  Id. at 7-16.  For example, Plaintiff cites McKay v. Capital Resources Co., 940 S.W.2d 869 (Ark. 1997), in which Arkansas's highest court held that, to enforce a promissory note, an assignee of a mortgage must either produce the original promissory note or comply with the requirements of the Uniform Commercial Code relating to lost, stolen, or destroyed negotiable instruments.

Unfortunately, Plaintiff proffers these authorities as part of an argument in which he contends that Defendant's "lack of standing" to enforce the Note somehow deprives this Court of subject matter jurisdiction over this removed action and also prevents Defendant from filing any "motion for relief."  See Opp'n at 6-7.  Many of the cases cited by Plaintiff are foreclosure actions and those cases do stand for the proposition that, in order to have standing to bring a foreclosure action, a party must demonstrate that it is the holder of the mortgage note.  See, e.g., McKay, supra.  Here, of course, Defendant is not seeking affirmative relief but is simply defending a suit brought against it and, thus, Plaintiff's "standing" arguments

are misplaced.  This case was properly removed pursuant to this Court's diversity jurisdiction as a suit between diverse parties with an amount in controversy well above the jurisdictional limit.[2]  See 28 U.S.C. § 1332(a).  Furthermore, Defendant's motion to dismiss is not a motion for affirmative relief.

In its Reply, Defendant focuses on Plaintiff's spurious "standing" argument and, in so doing, continues to completely ignore the primary issue raised by Plaintiff, i.e., whether possession of the original Note is a requisite to enforcement of the Note.  By targeting Plaintiff's standing argument, Defendant is able to cast the foreclosure cases cited by Plaintiff as irrelevant without addressing what those cases teach concerning bona fide holders of negotiable instruments.  See Reply at 3.  Defendant also raises one additional argument in its Reply, repeating throughout that pleading that Plaintiff filed this action with "no factual support for his claims."  Id. at 2; see also id. at 1 (opining that Plaintiff filed this action "based on nothing more than [his] speculative hope that [Defendant] cannot produce the original Note.") and 3 (accusing Plaintiff of filing this action as a "fact-finding expedition").

The Court will address that last issue first.  The Court finds that the Amended Complaint presents more than an adequate

---

[2] The prayer for relief in the Amended Complaint is $5,110,000.

factual basis for at least some of his claims.  Plaintiff relates that he repeatedly asked to inspect the original Note and Defendant responded by either ignoring that request (see Defendant's responses dated January 6, 2009 and February 16, 2009) or simply stating, without explanation or authority, that "Chase is not obligated to provide you with the original Note" (see Defendant's response dated March 5, 2009).  There is little else that Plaintiff could have done, short of filing suit, to discover if Defendant is in possession of the original Note.

   Turning to Defendant's statute of limitations argument, the Court concludes that the issue cannot be resolved on a motion to dismiss.  In Maryland, most civil actions must be filed within three years of the date they accrue.  Md. Code. Ann., Cts. & Jud. Proc. § 5-101.  Under the discovery rule, which is generally applicable to most claims, "the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong."  Poffenberger v. Risser, 431 A.2d 677 (Md. 1981).  Furthermore, the statute of limitations is an affirmative defense that is not usually an appropriate ground for dismissal.  Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc., 190 F. Supp. 2d 785, 795 (D. Md. 2002).

While there are limited situations in which it can be apparent on the face of the complaint that an action is time barred, this is not one of them.  Under the allegations in the Amended Complaint, Plaintiff's suspicions regarding Defendant's bona fide holder status first arose in response to media coverage concerning the practices of other mortgage lenders.  While facts revealed in discovery might show that Plaintiff gained knowledge that should have put him on inquiry notice at some earlier time, that question cannot be resolved at this stage in the proceeding.  In addition, there is at least some debate as to what applicability, if any, the statute of limitations should have to a declaratory judgment action.  See Commercial Union Ins. Co. v. Porter Hayden Co., 698 A.2d 1167, 1193-94 (Md. Ct. Spec. App. 1997).

The Court now turns to the primary issue that Defendant has tried thus far to avoid, i.e., whether and to what extent Defendant must demonstrate that it is in possession of the original Note in order to enforce the terms of the Note.  Defendant may have some compelling justification as to why it is logistically impractical to produce the original Note for inspection or some legal argument as to why it should not be compelled to do so.  Defendant, however, has not hinted at what those might be.  Thus, the Court must find that Defendant has

11

not demonstrated that it is entitled to have the entire Amended Complaint dismissed as Defendant's reasoning for dismissing most of Plaintiff's claims is premised on its status as the Note Holder.  The Court does find, however, that portions of the Amended Complaint should be dismissed, specifically, the claim for tortious interference with contract and the prayer for exemplary damages.

To state a claim for tortious interference with contract, a plaintiff must allege: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) a breach of that contract by the third party; and (5) resulting damages to the plaintiff. Sensormatic Sec. Corp. v. Sensormatic Elect. Corp., 455 F. Supp. 2d 399, 426 (D. Md. 2006).  While the Amended Complaint arguably alleges the first three elements, albeit with an unidentified third party, Plaintiff does not allege a breach of the contract by that third party.  The Court will dismiss Count III.

To recover exemplary or punitive damages under Maryland law, a plaintiff must demonstrate that the defendant acted with "actual malice." Biktasheva v. Red Square Sports, Inc., 366 F. Supp. 2d 289, 295 (D. Md. 2005).  "Actual malice 'has been characterized as the performance of an act without legal

justification or excuse, but with an evil motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'" Id. (quoting K & K Mgmt., Inc. v. Lee, 557 A.2d 965, 984 (Md. 1989).  While Plaintiff alleges that Defendant acted with malice by "ignoring what Plaintiff explicitly demanded" and by misrepresenting that it was in possession of the original Note when it was not, that alleged conduct clearly does not rise to the level required to support a punitive damage claim.  The Court will strike the demand in the Amended Complaint for exemplary damages.

The Court will also deny Plaintiff's motion for a TRO. Under the Federal Rules of Civil Procedure, a motion for a temporary restraining order must be supported by specific facts shown by verified complaint or sworn affidavit.  Fed. R. Civ. P. 65(b).[3]  Plaintiff has not met that requirement.

A separate order consistent with this memorandum will issue.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge


DATED: September 10, 2009

---

[3] Plaintiff's motion was subject to the same requirement under the Maryland Rules when he filed the motion in the state court. See Md. Rule 15-504.